UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GESNER JONES,<br><br>               Plaintiff,<br><br>v.<br><br>RIKER'S ISLAND DEPARTMENT OF CORRECTION, NEW YORK,<br><br>               Defendant. | Case No. 1:25-cv-00261-DCN<br><br>**INTIAL REVIEW ORDER** |

      Pending before the Court are Plaintiff Gesner Jones's Complaint and in Forma Pauperis Application. Dkts. 3, 1. Title 28 U.S.C. § 1915 requires the Court to screen prisoner and pauper complaints. A federal court must satisfy itself that it has authority to exercise personal jurisdiction over the defendant. Where an "in forma pauperis Complaint lacks an arguable basis in either law or fact pertaining to personal jurisdiction, it must be dismissed sua sponte as frivolous." *Brimm v. Genao-Gomez*, No. CV 14-197-M-DLC, 2014 WL 5471969, at *4 (D. Mont. Oct. 28, 2014); *see also In re Tuli,* 172 F.3d 707, 712 (9th Cir. 1999) ("A judgment entered without personal jurisdiction over the parties is void."); *Clancy v. Allstate Ins.*, No. 19-CV-04257-BLF, 2020 WL 7872196, at *1 (N.D. Cal. Oct. 21, 2020) (dismissing a case after a sua sponte screening pursuant to 28 U.S.C. § 1915 when review established that the plaintiff failed to allege facts showing personal jurisdiction over the defendants).

      Plaintiff's claims are against the New York City Department of Correction that operates Riker's Island prison in the state of New York. Federal due process requires that

a nonresident defendant have minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). To avoid dismissal, a plaintiff's complaint must make a prima facie showing of jurisdictional facts. *Lake v. Lake*, 817 F.2d 1416, 1420 (9th Cir.1987).

Personal jurisdiction over a nonresident defendant exists if: (1) the nonresident defendant has some connection with the forum state; (2) the claim arises out of the defendant's forum-related activities; and (3) the exercise of jurisdiction is reasonable. *See Data Disc, Inc. v. Systems Technology Assoc., Inc.*, 557 F.2d 1280, 1287 (9th Cir. 1977). Importantly, "'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden." *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007).

No facts support a conclusion that the Court has personal jurisdiction over the New York City Department of Correction. This deficiency cannot be cured by amendment.

Venue must also be proper. Legal actions may be brought only in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

No facts support a conclusion that venue in Idaho is appropriate. This deficiency cannot be cured by amendment. Title 28 U.S.C. § 1406(a) provides that the district court may transfer or dismiss a case where it is filed in the wrong venue.

Here, it is more appropriate to dismiss this case without prejudice, as Plaintiff's claims appear to be encompassed in an ongoing case in a United States District Court in New York. Currently, that court has ordered outside monitoring to review the Riker's Island facility to address excessive force issues and other constitutional violations, as a result of settlement of an inmate class action lawsuit. *See Nunez v. City of New York*, No. 24-3055-PR, 2025 WL 1248983 (2d Cir. Apr. 30, 2025). Plaintiff should contact the attorneys in the class action lawsuit with any related claims or concerns: Mr. Glenn Greenberg, Mound Cotton Wollan & Greengrass LLP, One New York Plaza One Water Street, 44th Floor, New York, NY 10004 (Tel. (212) 804-4200).

## ORDER

**IT IS ORDERED:**

1. Plaintiff's in Forma Pauperis Application (Dkt. 1) is DENIED as MOOT.

2. Plaintiff's Complaint is DISMISSED without prejudice for lack of personal jurisdiction and improper venue.

DATED: August 20, 2025

David C. Nye
Chief U.S. District Court Judge

INITIAL REVIEW ORDER - 3